UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER COOPER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, es rel. its DEPARTMENT OF TRANSPORTATION; SUSAN MARTINOVICH, in her individual and official capacities; DENNIS TAYLOR, in his individual and official; capacities; and CORY PEACOCK, in his individual and official capacities,<br><br>Defendants. | 3:09-cv-00640-RCJ-VPC<br><br>**ORDER** |

Currently before this Court is a Motion to Dismiss (#6) filed by the Nevada Department of Transportation ("NDOT") and Defendants Susan Martinovich ("Martinovich"), Dennis Taylor ("Taylor") and Cory Peacock ("Peacock"). On June 11, 2010 the Court heard oral argument on this motion.

## I. BACKGROUND

This matter arises of out of Plaintiff Jennifer Cooper's employment with NDOT. Cooper has worked with NDOT for over fifteen years, and is currently employed as a Transportation Planner Analyst. In the beginning of 2007, Plaintiff alleges that she observed Defendant Peacock, a supervisor at NDOT, "being verbally abusive and aggressive toward female employees." Plaintiff allegedly complained to her immediate supervisor, Defendant Taylor, who reassigned Plaintiff to be supervised by Peacock shortly thereafter. According to Plaintiff, Peacock started directing his aggressive and abusive behavior toward her. Plaintiff filed an

1  internal complaint with NDOT and was allegedly told that she had "no case" and there was no
2  problem with Peacock's conduct. Plaintiff was told by another NDOT supervisor that Peacock
3  was trying to get Plaintiff terminated and that Taylor had reassigned Plaintiff as retaliation for
4  complaining about Peacock's behavior.

5  Plaintiff filed a complaint with her union, the AFSCME Local Union No. 4041 ("Union")
6  and her claims were investigated by the Director of NDOT, Defendant Martinovich, who found
7  no wrongdoing. Plaintiff asserts that, after making her complaints, she has "been without the
8  proper job duties and her ability to continue her employment and be eligible for promotions
9  is in jeopardy." Plaintiff believes Defendants' actions were in retaliation for her "exercising her
10 First Amendment rights to freedom of association of being a union member."

11 Plaintiff initiated this lawsuit on October 2, 2009, seeking damages for gender
12 discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 and
13 First Amendment retaliation under 28 U.S.C. § 1983. Defendants move to dismiss Plaintiff's
14 claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A.   Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Accordingly, the Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

///

**B.     Plaintiff's Title VII Claim**

Plaintiff alleges that she was subjected to conduct by the individual defendants that supports her Title VII claim of gender discrimination and hostile work environment. Title VII imposes liability only on employers, not on individual employees. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993); see also Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1053 (9th Cir. 2007) (noting that the Ninth Circuit has "long held that Title VII does not provide a separate cause of action against supervisors or co-workers"). Consequently, individual employees, even if they are managers or supervisors, cannot be held personally liable under Title VII. Miller, 991 F.2d at 588. Accordingly, to the extent Plaintiff's Title VII claim is asserted against the individual defendants, the claim must be dismissed for failure to state a claim.

Defendants argue that the facts alleged in Plaintiff's complaint are insufficient to support her gender discrimination/hostile work environment claim against NDOT. A hostile environment sexual harassment claim has three elements: (1) the plaintiff must show "he or she was subjected to sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Fox v. Sierra Development Co., 876 F.Supp. 1169, 1172 (D.Nev. 1995) (quoting Ellison v. Brady, 924 F.2d 872, 875 (9th Cir. 1991)).

The facts alleged in support of Plaintiff's Title VII claim are insufficient to survive a motion to dismiss. Plaintiff maintains that her claim is viable because she provided "detailed facts of what went wrong, of how Plaintiff complained about Defendant Peacock's sexual harassment and hostile treatment of women, and how she was retaliated against." (Opp. (#8), p. 3). However, the only relevant allegation contained in the complaint is a the general claim that Defendant Peacock was "verbally abusive and aggressive toward female employees." Plaintiff's vague allegations are insufficient to support a finding that the alleged conduct was sufficiently severe or pervasive to have altered the conditions of Plaintiff's employment and to have created an abusive working environment. As currently alleged, Plaintiff's Title VII

claim against NDOT must be dismissed. However, because amendment could cure the deficiencies of the claim, the Court grants Plaintiff leave to amend it.

## C. Plaintiff's First Amendment Retaliation Claim Under 42 U.S.C. § 1983

Plaintiff alleges a claim under 42 U.S.C. § 1983 against all Defendants. The essence of Plaintiff's section 1983 claim is that she was retaliated against for exercising her First Amendment rights of free speech and association based on her union affiliation. The constitutional right to association extends to unions as well as its members and organizers. Allen v. Medrano, 416 U.S. 802, 819 n.13 (1974). In a First Amendment retaliation claim, a plaintiff must show that (1) she engaged in protected association; (2) Defendants took an adverse employment action against her; and (3) her association was a substantial or motivating factor for the adverse employment action. Hudson V. Craven, 403 F.3d 691, 695 (9th Cir. 2005).

### 1. Eleventh Amendment Immunity

As a threshold matter, Plaintiff's section 1983 claim against NDOT is barred by the Eleventh Amendment of the United States Constitution.[1] The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999). Nevada has not consented to suit by expressly waiving its Eleventh Amendment immunity. NRS § 41.031(3). NDOT, as a state agency, is therefore shielded from section 1983 liability under the Eleventh Amendment. See Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995) (section 1983 does not abrogate Eleventh Amendment immunity against a state). The Eleventh Amendment also bars Plaintiff's section 1983 claim against the individual defendants in their official capacities. See Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."); Romano, 169 F.3d at 1185. Accordingly,

---

[1] It is not clear that Defendants' Eleventh Amendment argument is confined to Plaintiff's First Amendment claim. However, to the extent Defendants challenge Plaintiff's Title VII claim, this claim is not barred by sovereign immunity. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (noting that Congress has abrogated Eleventh Amendment immunity with respect to Title VII claims).

4

Defendants' motion to dismiss is granted with respect to Plaintiff's section 1983 claim for damages against NDOT and against the individual defendants in their official capacities.

### 2. Liability of Individual Defendants Under § 1983

The caption to this action indicates that Plaintiff has brought suit against the individual defendants in their individual capacities as well. The Eleventh Amendment does not bar suits against state officials in their individual capacities. Stivers, 71 F.3d at 749. Section 1983 liability attaches to a public officer in his individual capacity if the plaintiff is able to show that the official acted under color of state law in deprivation of a federal right. Romano, 169 F.3d at 1185-86. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts suggesting that the defendants were acting under color of state law at the time of the alleged constitutional violation. See Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001).

Plaintiff alleges she was "subject to disparate and discriminatory treatment" by Defendants and "said actions by Defendants were in retaliation for her exercising her First Amendment rights to freedom of association of being a Union member." These general allegations are insufficient to state a claim under Section 1983 because Plaintiff has failed to allege facts showing how Defendants individually deprived Plaintiff of her First Amendment rights, while acting under color of state law or authority. The complaint does not even contain the conclusory statement indicating that the individual Defendants were acting under "color of state law." Accordingly, Plaintiff's First Amendment retaliation claim against the individual Defendants is insufficiently pled. Defendants' motion to dismiss on this ground will be granted with leave to amend.

### 3. Qualified Immunity

Defendants Martinovich, Taylor and Peacock argue that they are entitled to qualified immunity. Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, at this stage, a motion to dismiss on qualified immunity grounds places the Court in the difficult position of deciding "far-reaching constitutional questions on a non-

existent factual record." See Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004). Although government officials have the right to raise qualified immunity on a motion to dismiss, it is not necessarily advisable in every case. Id.; Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999) (holding that, "in light of the fact that all allegations in the complaint must be regarded as true on a motion to dismiss, dismissal on qualified immunity grounds for failure to state a claim under 12(b)(6) is inappropriate."). As such, Defendants' motion to dismiss on the basis of qualified immunity is denied, without prejudice to renew the motion on this basis at a later time.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Dismiss (#6) is GRANTED IN PART and DENIED IN PART. Plaintiff's Title VII claim against the individual Defendants and First Amendment retaliation claim against NDOT are dismissed without leave to amend. Plaintiff's Title VII claim against NDOT and First Amendment claim against the individual Defendants are dismissed without prejudice, with leave to file an amended complaint within 15 days of the date this Order is filed.

DATED: This 15th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE