1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8   JENNIFER COOPER,                        )

9            Plaintiff,                      )
                                             )
10   v.                                      )          3:09-cv-640-RCJ-VPC
                                             )
11   STATE OF NEVADA, ex rel. its            )          **ORDER**
     DEPARTMENT OF TRANSPORTATION, et        )
12   al.,                                    )
                                             )
13           Defendants.                     )

14   _____

15          Currently before the Court is Defendants' Motion for Attorneys' Fees and Costs (#88).

16   The Court heard oral argument on March 26, 2012.

17                              **BACKGROUND**

18          In November 2011, this Court held a jury trial in this case.  In the amended complaint,

19   Plaintiff Jennifer Cooper sued the State of Nevada Department of Transportation, Susan

20   Martinovich, Dennis Taylor, and Coy Peacock (collectively "Defendants").  (Amended Compl.

21   (#12) at 1).  In the first cause of action, Plaintiff alleged Title VII gender discrimination and

22   hostile work environment. (*Id.* at 3).  In the second cause of action, Plaintiff alleged 42 U.S.C.

23   § 1983 First Amendment retaliation. (*Id.* at 4).  The Court denied the Defendants' motion for

24   summary judgment and the case proceeded to trial. (Minutes of the Proceeding (#42)).  At the

25   beginning of trial Plaintiff voluntarily dismissed her second cause of action.  During trial, the

26   Court dismissed Plaintiff's hostile work environment claim and Coy Peacock as a defendant.

27   The Court then submitted to the jury the issue of Title VII retaliation against Plaintiff for filing

28   a complaint.  The jury rendered a verdict in favor of Defendants. (Judgment (#85) at 1).  The

     following motion now follows.

**DISCUSSION**

Defendants file a motion for attorneys' fees in the amount of $61,800 based on 206 hours of work at $300/hour and costs in the amount of $332.12.[1] (Mot. for Att'y Fees (#88) at 6, 10). Defendants argue that they presented Plaintiff with an offer of judgment on September 26, 2011 and that Plaintiff rejected the offer by letting it expire. (*Id.* at 3). Defendants assert that they are entitled to costs incurred after the offer had been made pursuant to Fed. R. Civ. P. 68. (*Id.* at 4-5). Defendants argue that they are entitled to attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k), because they prevailed in a civil rights action. (*Id.* at 4). Defendants assert that government defendants are entitled to the attorneys' fees to the same extent as private defendants. (*Id.* at 5). Defendants filed the information required by Local Rule 54-16(b). (*Id.* at 5-9). Defendants also provided a copy of its Pro Law time sheets dated after the offer of judgment, an affidavit from attorney Norman Allen, and a bill of costs. (Exhibits (#88-1) at 6-24).

In response, Plaintiff argues that Defendants are not entitled to attorneys' fees because her action was not frivolous, unreasonable, or without foundation because it survived summary judgment and went to trial. (Opp'n to Mot. for Att'y Fees (#99) at 2). Plaintiff also argues that public entities are not entitled to an award of attorneys' fees. (*Id.* at 4). Plaintiff asserts that defense counsel's hourly rate is excessive because that attorney had no previous federal court trial experience. (*Id.* at 5). Plaintiff argues that the Attorney General's office does not bill the State for its services and, thus, did not occur any attorneys' fees. (*Id.* at 6). Plaintiff also alleges that Defendants never incurred any costs because the witnesses were paid by their employer and required to show up to trial. (*Id.* at 6-7).

In reply, Defendants argue that public entities are not prohibited from an award of attorneys' fees and that defense counsel's hourly rate is reasonable. (Reply to Mot. for Att'y Fees (#100) at 2). Defendants also argue that the Nevada Department of Transportation pays

---

[1] Defendants submit a bill of costs for witness fees in the amount of $332.12. (Bill of Costs (#88-1) at 23). The computation of witness fees listed Kimberly King, Coy Peacock, Dennis Taylor, and Tracy Larkin-Thomason as witnesses at a rate of $40/day and the cost of mileage. (*Id.* at 24).

1    bills in accordance with state accounting procedures. (*Id.* at 3).

2    Pursuant to Title VII, "the court, in its discretion, may allow the prevailing party, other

3    than the [Equal Employment Opportunity Commission] or the United States, a reasonable

4    attorney's fee. . . ." 42 U.S.C. § 2000e-5(k). A court may award attorneys' fees only if it finds

5    that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not

6    brought in subjective bad faith." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 975-76

7    (9th Cir. 2011) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434

8    U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). "In determining whether this standard has

9    been met, a district court must assess the claim at the time the complaint was filed, and must

10   avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his

11   action must have been unreasonable or without foundation." *Harris*, 631 F.3d at 976. The

12   Ninth Circuit has implied that when a judge denies a defendant's motions for summary

13   judgment the case is not frivolous because the judge apparently believed that the plaintiff's

14   case had enough merit to proceed to the next stage of litigation. *See Sanchez v. City of Santa

15   Ana*, 936 F.2d 1027, 1041 (9th Cir. 1990).

16   In this case, Defendants are not entitled to attorneys' fees under 42 U.S.C. § 2000e-

17   5(k). This Court denied Defendants' motion for summary judgment and let the case proceed

18   to trial. (*See* Minutes of Proceedings (#42)). As such, this Court found that the claims in

19   Plaintiff's amended complaint had enough merit to proceed to trial. Accordingly, the Court

20   denies Defendant's motion for attorneys' fees (#88).

21   Pursuant to Federal Rule of Civil Procedure 68, if a party rejects an offer of judgment

22   and does not obtain a more favorable judgment than the unaccepted offer, "the offeree must

23   pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Pursuant to 28 U.S.C.

24   § 1821, a witness shall be paid $40 per day for each day's attendance. 28 U.S.C. § 1821(b).

25   A witness shall also be paid for the actual expense of travel. 28 U.S.C. § 1821(c)(1).

26   In this case, Plaintiff has not cited any cases that support his argument that Defendants

27   are not entitled to witness fees as costs because the four witnesses were state employees

28   who were paid to show up to trial. (*See* Opp'n to Mot. for Att'y Fees (#99) at 6-7). Moreover,

3

there do not appear to be any cases that prohibit Defendants from recovering witness fees for their employees. As such, the Court grants Defendant's motion for costs (#88) in the amount of $332.12. Accordingly, the Court denies in part and grants in part Defendants' motion for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Attorneys' Fees and Costs (#88) is DENIED in part and GRANTED in part. The Court denies the motion for attorneys' fees but grants the motion for costs in the amount of $332.12.

DATED: This 11th day of May, 2012.

United States District Judge

4